

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ALFRED DOMENICK WRIGHT, § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 3:19-3486-MGL-TER |
| § | |
| JOSH LOOMIS, UNKNOWN FEDERAL § | |
| AGENTS, THOMAS GRIFFIN JR., § | |
| LEXINGTON COUNTY DETENTION § | |
| CENTER, CORRECT CARE SOLUTIONS, § | |
| and UNKNOWN UNITED STATES § | |
| MARSHALS, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT LOOMIS'S MOTION TO DISMISS**

Plaintiff Alfred Domenick Wright (Wright) filed this lawsuit against Defendant Josh Loomis (Loomis) and the other above-named defendants.  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Loomis's motion to dismiss be granted in part and denied in part.  Specifically, the Magistrate Judge recommends the motion be granted as to Wright's claims of medical indifference, his claims of a Fourth Amendment violation with regard to search and seizure, and  his *Bivens* claim against Loomis in his official capacity.  But, the Magistrate Judge suggests that the motion be denied with regard to Wright's claim of excessive force in Loomis's individual capacity.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 30, 2021, but Wright failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985). Consequently, having found no clear error, the Court will grant Loomis's motion to dismiss as to Wright's claims of medical indifference, his claims of a Fourth Amendment violation with regard to search and seizure, and his *Bivens* claim against Loomis in his official capacity.

Loomis, however, filed objections on October 14, 2021, to the Magistrate Judge's suggestion the Court deny his motion to as to Wright's claim of excessive force against him in his individual capacity. The Court has carefully reviewed those objections, however, but holds them to be without merit. It will therefore enter judgment accordingly.

A brief summary of the relevant factual history is necessary to provide an understanding of Loomis's objections:

> In the second amended complaint . . .,[Wright] alleges that on December 6, 2017, he was pulled off of his porch while naked by agents causing him to incur injuries. [He] asserts that the initial injury was caused by . . . Loomis and several other agents, due to an unnecessarily injuring of a naked (posed no threat or resistance) . . . Wright. [Wright] alleges that the violation stemmed from an illegal

2

> search. . . . [Wright] alleges injuries to his right ankle with unusual bone growths from a break that healed improperly, a slipped disk in lower back, right shoulder pain, fracture of his right wrist which healed improperly, and has lack of normal mobility.

Report at 3-4 (citations omitted).

Loomis presents three objections to the Report. In his first objection, he contends "the Magistrate Judge's [Report] is erroneous in concluding that [Wright's] excessive force claim should survive . . . Loomis's motion to dismiss." Objections at 1. According to Loomis, Wright's "Second Amended Complaint fails to state a claim because it does not sufficiently allege . . . Loomis's personal involvement in the conduct that allegedly violated [Wright's] constitutional rights." *Id*. at 2.

But, as the Magistrate Judge aptly observed, Wright "has alleged that he was in restraints and was not resisting when . . . Loomis and other agents pulled him off of his porch causing injuries and that there is body camera footage of the incident and a witness." Report at 12-13. Therefore, the Court agrees with the Magistrate Judge that Wright "makes sufficient factual allegations as to excessive force to survive a motion to dismiss[ ] this claim." *Id*. at 13. Accordingly, the Court will overrule this objection.

In Loomis's second objection, he maintains that the "Second Amended Complaint, which was filed after . . . Loomis had moved to dismiss the Amended Complaint, contains material factual inconsistencies with the Amended Complaint." Objections at 3 (citation omitted). According to Loomis, Wright "should not now avoid a motion to dismiss by alleging an alternate version of the facts." *Id*.

The Court is unaware of any binding authority, and Loomis has failed to point to any, that disallows a plaintiff such as Wright to amend his factual assertions in an amended complaint. Although Loomis suggests there is something nefarious about Wright's amended factual assertions, when deciding a motion to dismiss, the Court must consider all well-pled allegations in an amended

complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff, *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir.2005).  Thus, the Court will overrule this objection, too.

In Loomis's third objection, he maintains "[t]he Report . . . erroneously states 'based on the pleadings, the issue of qualified immunity should appropriately be addressed under Rule 56[.]'" Objections at 6 (quoting Report at 13 n.5.).  Loomis contends that "an individual-capacity defendant [such as himself] who successfully invokes qualified immunity is 'entitled to dismissal before the commencement of discovery.'"  *Id.* ( quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). According to Loomis, he "has successfully invoked qualified immunity." *Id*.

Qualified immunity shields . . . [government] officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011).  The plaintiff bears the burden of proof on the first question—i.e., whether a constitutional violation occurred.  *Henry v. Purnell*, 501 F.3d 374, 377–78 (4th Cir. 2007) (citation omitted).  And, [t]he defendant bears the burden of proof on the second question—i.e., entitlement to qualified immunity.  *Id*. (citation omitted).

As to whether Loomis violated a constitutional right, he contends this weighs in his favor because of Wright's alleged failure to state an excessive force claim.  But, the Court has already determined that Wright has indeed stated an excessive force claim.

Concerning Loomis's claim Wright has failed "to sufficiently plead factual material alleging . . . Loomis's personal involvement—as distinguished from his involvement in a group[,] Objections at 4, as is relevant here and already noted above, Wright complains that "[t]he initial injury was caused by Josh Loomis and several other agents, due to an unnecessarily injuring of a naked (pose[d] no threat or resistance) . . . Wright."  Second Amended Complaint at 5.  He also claims he "was hurt

(while restrain[ed] and not resisting or threatening) by Loomis and several unknown Federal Agents when Wright was pulled by several agents off his porch and he hit the ground." *Id.* at 8.

Thus, Loomis is unable to say that "it is impossible for [him] to ascertain what particular unconstitutional acts [he is] alleged to have committed." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

As to the question of whether Loomis violated a clearly established right, Loomis argues that, given the circumstances, a reasonable person in . . . Loomis's position would not have had any reason to believe that the conduct in which . . . Loomis and the unknown federal agents engaged was in violation of [Wright's] clearly-established rights. Objections at 5.

Of course, Loomis does not mean to argue that it is clearly established an officer can unnecessarily injure someone who poses no threat and offers no resistance. Thus, there are obviously questions of fact that only discovery can reveal. For instance, discovery will show what actually caused Wright's injuries, to what extent Loomis contributed to his injuries, and whether the force used against Wright was excessive.

Thus, inasmuch as the Court agrees with the Magistrate Judge that the question of qualified immunity can be better decided at the summary judgment stage, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Loomis's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Loomis's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Specifically, the motion is **GRANTED** as to Wright's claims

of medical indifference, his claims of a Fourth Amendment violation with regard to search and seizure, and his *Bivens* claim against Loomis in his official capacity.  But, Loomis's motion to dismiss is **DENIED** with regard to Wright's claim of excessive force against Loomis in his individual capacity.

Loomis shall file his answer to Wright's second amended complaint or otherwise plead forthwith.  The Magistrate Judge will enter a scheduling order once Loomis files his answer.

**IT IS SO ORDERED**.

Signed this 8th day of March, 2022, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.