

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ALFRED DOMENICK WRIGHT, § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 3:19-3486-MGL-TER |
| § | |
| JOSH LOOMIS, UNKNOWN FEDERAL § | |
| AGENTS, and UNKNOWN UNITED STATES § | |
| MARSHALS, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Alfred Domenick Wright (Wright) filed this lawsuit against Defendant Josh Loomis (Loomis), as well as Defendants Unknown Federal Agents and Unknown United States Marshals (collectively, Unknown Defendants). Wright is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Loomis's motion for summary judgment be granted as to Wright's excessive force claim against him. The Magistrate Judge further recommends that Unknown Defendants be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 22, 2022, and the Clerk of Court entered Wright's objections on December 9, 2022. The Court has carefully reviewed those objections, but holds them to be without merit. It will therefore enter judgment accordingly.

A brief summary of the relevant factual history is necessary to provide an understanding of Wright's objections:

> In the second amended complaint . . .,[Wright] alleges that on December 6, 2017, he was pulled off of his porch while naked by agents causing him to incur injuries. [He] asserts that the initial injury was caused by . . . Loomis and several other agents, due to an unnecessarily injuring of a naked (posed no threat or resistence) . . . Wright. [Wright] alleges that the violation stemmed from an illegal search. . . . [Wright] alleges injuries to his right ankle with unusual bone growths from a break that healed improperly, a slipped disk in lower back, right shoulder pain, fracture of his right wrist which healed improperly, and has lack of normal mobility. [Wright] requests damages in the amount of $250,000.00 due to [allegedly] crippling and hindering injuries, which will [purportedly] prevent proper work load in my work field, with also including the years of unnecessary pain and suffering.

Report at 5 (citations omitted) (internal quotation marks omitted) (alteration marks omitted).

For the most part, Wright makes nothing more than non-specific objections to the Report. Nevertheless, in an abundance of caution, the Court has teased out six of Wright's arguments, which it will briefly address below.

First, Wright complains that video footage of the incident described above and the names of Unknown Defendants "has been denied" to him. Objection at 1. But, assuming he formally requested the information from Defendants, he never filed a proper motion to compel regarding the evidence.

For the one motion to compel Wright did file, he failed to attach his discovery requests to the motion, although the local rules specifically require that "[r]elevant portions of the discovery

material shall be filed with the motion." Local Civil Rule 7.04. In Defendants' response, they stated Wright failed to serve them with any formal discovery requests. Wright neglected to argue otherwise. Thus, the Magistrate Judge denied the motion.

If Wright did indeed file proper discovery requests on Defendants, and they failed to answer, he should have filed an appropriate motion to compel. But, he neglected to do so. Therefore, this objection will be overruled,

Second, Wright maintains his requests for appointed counsel have been denied. "[I]t is well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). No such circumstances are present here. Thus the Court will overrule this objection, too.

Third, Wright argues that he has a colorable failure to protect claim under *Bivens*. The Magistrate Judge, however, stated that such a claim is not cognizable under *Bivens*.

Although not directly on point, the Fourth Circuit's recent opinion in *Tate v. Harmon*, No. 21-6109, 2022 WL 17588046 (4th Cir. December 13, 2022) is instructive.

*Tate* is concerned with the question of "whether an inmate has a [*Bivens*] cause of action under the Eighth Amendment for money damages against federal prison officials based on 'degenerate' conditions of confinement." *Id.* The Fourth Circuit noted that, in the last forty-two years, the Supreme Court has refused to provide any additional *Bivens* actions, besides the three that it has already recognized. *Id.* "And in the last [five] years in particular, it has handed down a trilogy of opinions not only expressing regret over its *Bivens* cases but also demonstrating hostility to any expansion of them." *Id.*

The Fourth Circuit concluded that "the political branches are . . . better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy." *Id.* It

3

therefore rejected the inmate's claim that he had a *Bivens* claim based on "degenerate" conditions of confinement.

The same analysis is applicable to Wright's purported *Bivens* claim for failure to protect. Congress, not the judiciary, "is better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy[,]" *id*, for a failure to protect claim.  So far, it has failed to do so.  Thus, the Court will also overrule this objection.

Fourth, Wright complains evidence from his ex-girlfriend, who he says witnessed the incident described above, has not been considered.   But, he failed to properly present it.  As such, there is no competent evidence in the record that matches Wright's conclusory statements regarding his ex-girlfriend purported eye-witness account.  Accordingly, the Court will overrule this objection as well.

Fifth, according to Wright, "Loomis may or may not have been involved in the 'pulling the plaintiff down to fall' group of agents, but Loomis was there immediately when [he]  [fell], so [he] is positive he (Loomis) was there."  Objections at 3.

"Thus, the record does not demonstrate any personal involvement on the part of . . . Loomis with regard to [Wright's] allegations of excessive force during his arrest."   Report at 9. Consequently, the Court must grant Loomis's motion for summary judgment on Wright's excessive force claim.  As such, the Court will overrule this objection, too.

Sixth, Wright complains that Loomis has failed to abide by the March 10, 2020, Order in the related criminal matter, *United States v. Alfred Domenick Wright,* 3:17-1202.;MGL-1, (D.S.C. March 10, 2020), in which the Court ordered that certain government-seized items be returned to Wright.

Wright should file an appropriate motion regarding this matter in his criminal case, the government will respond, and the Court will then adjudicate the motion.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Wrights's objections, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of this Court Loomis's motion for summary judgment is **GRANTED**, and the claims against Unknown Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 16th day of December, 2022, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.